UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **SHALON SAUL, INDIVIDUALLY,** | : | **CIVIL ACTION NO. 2:23-cv-2440** |
| **MARCUS C. SAUL, INDIVIDUALLY,** | : | |
| **AND MARLAND J. SAUL,** | : | |
| **INDIVIDUALLY** | : | |
| | : | |
| VS. | : | JUDGE _____ |
| | : | |
| **GEOVERA SPECIALTY INSURANCE** | : | MAGISTRATE JUDGE_____ |
| **COMPANY** | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, **Shalon Saul, Marcus C. Saul, and Marlan J. Saul**, by their undersigned attorneys, allege as follows:

### NATURE OF ACTION

1.

This is an action by **Shalon Saul, Marcus C. Saul, and Marlan J. Saul**, for damages against their deceased mother's homeowner's insurance company, **GeoVera Specialty Insurance Company**, for its failure to pay the full sums owed under its insurance policy resulting from damages to her home caused by Hurricane Ida.

2.

The named insured under GeoVera's policy, Earlie C. Saul, died on September 4, 2022. A succession was opened, and a Judgment of Possession was rendered on March 14, 2023, wherein the Saul's three children, **Shalon Saul, Marcus C. Saul, and Marlan J. Saul** were each awarded a one-third (1/3) interest in the property located at 152 East 12th Street, Edgard, LA 70049.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiffs, **Shalon Saul, Marcus C. Saul, and Marlan J. Saul** are citizens of the State of Louisiana. Defendant, **GeoVera Specialty Insurance Company**, is a foreign insurance company domiciled in the State of Delaware. The unpaid losses due under Defendant's insurance policy exceed $75,000.00, and Plaintiff also seek penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

4.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

5.

Plaintiffs, **Shalon Saul, Marcus C. Saul, and Marlan J. Saul, ("the Sauls")** are adult residents of Edgard, St. John the Baptist Parish, Louisiana.

6.

Defendant, **GeoVera Specialty Insurance Company**, ("GeoVera"), is a foreign insurance company domiciled in the State of Delaware and can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## **FACTUAL ALLEGATIONS**

7.

On the evening of August 29, 2021, Hurricane Ida made landfall near Port Fourchon, Louisiana, as a strong Category 4 hurricane with sustained winds of 150 miles per hour.

8.

After making landfall, Hurricane Ida traveled north and hit St. John the Baptist and Orleans Parishes, Louisiana, with hurricane-force sustained winds and gusts approaching or exceeding 100 miles per hour.

9.

At the time of Hurricane Ida, and through the present, Plaintiff, **the Sauls** were and still is the owner of the home and property located at 152 East 12th Street, Edgard, LA 70049, ("the home").

10.

As a result of Hurricane Ida, the home sustained extensive damage. The other structures of the home also sustained significant damage.

11.

At the time these damages were sustained due to Hurricane Ida, **the Sauls** had in full force and effect a policy of insurance with **GeoVera** providing coverage for all of the losses sustained by **the Sauls** to the home, and other structures, as well as for debris removal and additional living expenses.

12.

On September 1, 2021, **the Sauls** reported the losses to **GeoVera** resulting from Hurricane

Ida and made a claim for payment of those losses.

13.

On September 16, 2021, an adjuster retained and/or employed by **GeoVera** inspected the home. The adjuster was provided with full access to the home and had a full opportunity to inspect the home and other structures to fully determine **the Sauls's** losses caused by Hurricane Ida without any limitations.

14.

Despite **GeoVera** obtaining proof of loss, **GeoVera** only issued partial payment for damages to **the Sauls's** home; these payments were less than the damages and losses apparent to the **GeoVera** adjuster(s).

15.

The **GeoVera** adjuster failed to include damages to the home that were obvious at the time of the inspection, and obviously were caused by Hurricane Ida, as well as underestimated the costs of damages included in its adjustment.

16.

The payments made to date by **GeoVera** to **the Sauls** are woefully inadequate to cover the costs to repair to the damage to the home and its other structures, which damages were clearly visible to the adjuster retained and/or employed by **GeoVera** at the time of the adjuster's inspection.

17.

Additionally, because **GeoVera** gave insufficient funds to complete repairs, **the Sauls** have endured significant mental anguish and inconvenience.

18.

These damages are a result of **GeoVera's** failure to pay for the full costs of repairs from the hurricanes within 30 days of proof of loss.

## CAUSES OF ACTION AND DAMAGES

### A. THE INSURANCE POLICY

19.

**GeoVera** owed **the Sauls** a duty of good faith and fair dealing, and a duty to pay losses within 30 and 60 days of proof of loss under LSA R.S. 22:1892 and LSA R.S. 22:1973.

20.

Under Article 1997 of the La. Civ. Code, an obligor in bad faith is liable for all damages that are a direct consequence of his failure to perform

21.

The damage to the home and its other structures greatly exceed the amounts estimated and paid by **GeoVera**.

22.

Under the language of their policy, **the Sauls** is entitled to recover from **GeoVera** for the additional sums needed to make full repairs to the home and its other structures in accordance with the insurance coverages **the Sauls** purchased from **GeoVera**.

23.

**the Sauls** are also entitled to recover for the unpaid and/or underpaid losses and damages she sustained to the home and for debris removal in accordance with the insurance coverages **the Sauls** purchased from **GeoVera.**

24.

**The Sauls** are also entitled to recover for unpaid and/or underpaid contents, additional living expenses, and debris removal in accordance with the insurance coverages she purchased from GeoVera.

25.

**The Sauls** are entitled to recover from GeoVera for the full losses suffered due to Hurricane Ida under each of the insurance coverages purchased from GeoVera.

26.

La. R.S. 22:1892 further required **GeoVera** to re-evaluate the claim and to tender additional unconditional payments to **the Sauls** each time GeoVera received additional information concerning the losses sustained by **the Sauls**. **GeoVera** failed to do so.

27.

**GeoVera** breached its duty of good faith, causing actual damages, and breached its duties to timely pay damages owed under the policy.

### B.  PENALTIES AND ATTORNEY'S FEES

28.

Pursuant to Louisiana Revised Statute 22:1892, **GeoVera** was required to unconditionally

tender payment to **the Sauls** for reasonably undisputed losses caused by Hurricane Ida within 30 days of **GeoVera**'s receipt of satisfactory proof of loss when its adjuster inspected the home. **GeoVera** failed to do so.

29.

La. R.S. 22:1892 further required **GeoVera** to re-evaluate **the Sauls's** claim and to tender additional unconditional payments to **the Sauls** each time **GeoVera** received additional information concerning the losses sustained by **the Sauls**. **GeoVera** failed to do so.

30.

**GeoVera's** failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

31.

Pursuant to La. R.S. 22:1892, **GeoVera** is liable to **the Sauls** for a penalty of 50%, in addition to the amount of the loss, on the amount due from **GeoVera**, as well as reasonable attorney's fees and costs, for **GeoVera's** failure to unconditionally tender the amounts owed to **The Sauls** within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

32.

Pursuant to La. R.S. 22:1973, **GeoVera** is additionally liable to **the Sauls** for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for **GeoVera'**s misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed

to **the Sauls** within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

33.

Pursuant to La. R.S. 22:1973C, in addition to actual damages for its breaches of the statute, **GeoVera** is additionally liable to **the Sauls** for a penalty of the up to two times the actual damages **the Sauls** sustained or five thousand dollars, whichever is greater.

**REQUEST FOR RELIEF**

34.

WHEREFORE, Plaintiff, **the Sauls**, prays that, after due proceedings, there be a judgment rendered herein in Plaintiff favor and against Defendant, **GeoVera Specialty Insurance Company**, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,
**THE TOWNSLEY LAW FIRM, LLP**

BY:  /s/ Hannah E. Mayeaux
**HANNAH E. MAYEAUX, Bar Roll #39275**
**DAVID H. HANCHEY, Bar Roll #19927**
3102 Enterprise Boulevard
Lake Charles, Louisiana 70601
Telephone: (337) 478-1400
Facsimile:    (337) 478-1577
Email:  hannah@townsleylawfirm.com
ashleyd@townsleylawfirm.com
brandi@townsleylawfirm.com

*ATTORNEYS FOR THE SAULS*

**PLEASE SERVE**
GEOVERA SPECIALTY INSURANCE COMPANY
Through its Agent for Service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809